UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BAGNER EDUARDO RODRIGUEZ ALDANA, DAVID RODRIGUEZ ALDANA, JOSE LUIS DIAZ VIDAL, JOSE RODRIGUEZ ALDANA, JUAN DUBON DELA ROSA, NERY GONZALEZ CRUZ, and SANTIAGO GUTIERREZ,

Plaintiffs,

23-CV-06668

v.

STREAMLINE BUILDERS CORP. d/b/a JR TREE CARE, and ERIKA SALTZMAN, as an individual,

Defendants.
-----------------------------------------------------------------X

**JURY INSTRUCTIONS**

COURT'S EXHIBIT NO. 9
IDENTIFICATION/EVIDENCE
DKT. # ______
DATE: ______

Table of Contents

**PART ONE: GENERAL RULES** .......... 1
I. Role of the Court and the Jury .......... 1
II. The Definition of Evidence .......... 3
III. Direct and Circumstantial Evidence .......... 5
IV. Witness Credibility .......... 7
V. Spanish Interpretation .......... 9
VI. All Persons Equal Before the Law .......... 10
VII. Burden of proof .......... 11
VIII. Verdict Sheet .......... 12
**PART TWO: SUBSTANTIVE LAW** .......... 13
I. Nature of the Claims .......... 13
II. Overtime Wages under FLSA and NYLL .......... 15
III. Minimum Wage under NYLL .......... 25
IV. Good Faith Defense .......... 29
V. Wage Statement Requirements under NYLL .......... 30
VI. Notice and Recordkeeping Requirements under NYLL .......... 32
VII. Employer Status under NYSHRL .......... 34
VIII. Discrimination under NYSHRL .......... 35
IX. Retaliation under NYSHRL .......... 40
X. Damages .......... 45
A. Compensatory Damages .......... 45
B. Mitigation of Damages .......... 47
C. Punitive Damages .......... 49

## INTRODUCTION

Ladies and Gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of each side, it is my duty to instruct you as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case. I ask that you give me that same careful attention as I give you these final instructions.

My instructions to you will be in two parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case. Second, I will instruct you as to the elements of each of Plaintiffs' claims.

## PART ONE: GENERAL RULES

### I. ROLE OF THE COURT AND THE JURY

Let me start by defining our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case, and to do that with complete impartiality and without bias, prejudice, or sympathy. You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts that may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence. Therefore, with respect to any question concerning the facts, it is your recollection of the facts— not counsels' recollections, as expressed in opening or closing statements, or my recollections if I have referred to testimony or other evidence—that controls.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not your notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

My job is to instruct you on the law. You must apply the law in accordance with my instructions to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any

opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than that given to you in these instructions.

If any of the lawyers have stated a legal principle which differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound by your oath as jurors to follow them.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. Nothing I have said or done in the course of the trial should be taken by you as expressing any opinion about the facts. On occasion, I may have asked questions of a witness. You should attach no special significance to these questions because they were asked by the Court. Similarly, the fact that I may have ruled certain evidence admissible should not be interpreted as indicating that I have any opinion concerning the credibility of that evidence or the weight it should be given.

## II. THE DEFINITION OF EVIDENCE

You must determine the facts in this case based solely on the evidence or those inferences which can reasonably be drawn from the evidence. I will now instruct you on what evidence is and how you should consider it. Evidence has been presented to you in the following two forms:

**First**: Sworn testimony from the witnesses you have heard during the trial, both on direct examination and cross examination.

I emphasize that it is the answers of the witnesses that are evidence; the questions asked by the attorneys are not evidence. At times, an attorney may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true. If the witness denied the truth of the statement, and if there was no other evidence introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a question. On the other hand, if the witness acknowledged the truth of the statement, you may of course consider the witness' answer as evidence that the statement is in fact true.

**Second**: Exhibits that have been received in evidence by the court are evidence. In this case, each exhibit marked by each side has been entered into evidence. Certain other things are *not* evidence and are to be disregarded by you in deciding what the facts are:

Arguments or statements by any of the attorneys.

Objections to the questions. Speaking of objections, you should recognize that attorneys have a duty to object when they believe evidence should not be received and, therefore, you should not hold the fact that they may have made objections against the other party.

Do not consider testimony that has been excluded, stricken, or that you have been instructed to disregard. On the other hand, if an objection was raised as to a certain question or testimony, and that objection was overruled, treat the answer to that question or that testimony like any other answer or testimony.

Anything I may have said or done is not evidence, except to the extent that I have asked questions of the witnesses, in which case their answers are evidence. Do not attach any special weight to the answers given by a witness to any questions simply because I was the one who asked them.

Obviously, anything you may have seen or heard outside the courtroom is not evidence.

## III. Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weights to be given to these two types of evidence. You must base your verdict on a reasonable assessment of ALL the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be as follows: Suppose you came to court on a day when the weather was clear, sunny and dry. However, after several hours in this courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors. That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of one fact from one or more established other facts.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs ask you to draw one set of inferences. The Defendants ask you to draw another set of inferences. It is for you, and you alone, to decide what inferences you will draw.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.

## IV. Witness Credibility

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe.

You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of a witness' credibility must depend in large part upon the impression that witness made upon you, specifically, whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness' testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness' opportunity to see, hear, and know about the events he or she described;
- the witness' ability to recall and describe those things;
- the witness' manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;
- how the witness' testimony on direct examination compared with how the witness testified on cross-examination;
- the reasonableness of the witness' testimony in light of all the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and
- whether a witness' testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

In deciding whether or not to believe a witness, bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or contradiction may be due to an innocent mistake, or due to an intentional falsehood. Consider, therefore, whether it has to do with an important fact or small detail. Also bear in mind that two people witnessing a single event may observe it differently and remember it differently. If you find that any statement made by a witness during this trial is false, in whole or in part, you may disregard the particular part you find to be false; or, if you conclude that a witness' false statement about one fact makes it likely that the witness has testified falsely about everything, you may disregard his or her entire testimony as not worthy of belief.

## V. SPANISH INTERPRETATION

You have heard certain testimony through Spanish language interpretation. Although some of you may speak Spanish, you must nonetheless base your decision on the evidence presented in the English translation. You must ignore any different meaning of the Spanish words that you may be familiar with. And in addition, you must evaluate evidence and testimony that was provided through translation in the same way that you treat all other evidence. In other words, evidence provided through translation should not given any less weight or any more weight simply because it was provided through the use of translation.

## VI. ALL PERSONS EQUAL BEFORE THE LAW

You should consider and decide this case as a dispute between persons of equal standing. A corporation is entitled to the same fair trial as a private individual. All persons, corporations, and other organizations stand equal before the law and are to be treated as equals.

## VII. BURDEN OF PROOF

As a general rule, in a civil action such as this, Plaintiffs have the burden of proving each element of each claim by a preponderance of the evidence.

Preponderance of the evidence means a plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat on his side. If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on the claim at issue. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant. As I will instruct you on in a moment, there are some things for which the defendant, and not the plaintiff, bears the burden of proof. By the same token, if you find that the defendant has carried his burden of proof with respect to each of the elements of an affirmative defense, then you must find for the defendant on that claim.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## VIII. Verdict Sheet

I have prepared a verdict sheet to assist you in keeping track of the factual issues that you must resolve. You will find it appended at the end of my instructions. In short, you will not simply be returning a verdict for the Plaintiffs or for the Defendants. You will be resolving specific issues. I will review these questions with you as I read the charge to you.

## PART TWO: SUBSTANTIVE LAW

### I. NATURE OF THE CLAIMS

I will now instruct you as to the law governing the Plaintiffs' claims. The Plaintiffs make two sets of claims. The first set of claims are made under the New York Labor Law and the Fair Labor Standards Act. The second set of claims are made under the New York State Human Rights Law, and is only applicable to Plaintiff Bagner Aldana.

I may sometimes refer to the New York Labor Law as "NYLL" and the Fair Labor Standards Act as "FLSA," and to the New York State Human Rights Law as "NYSHRL."

Because FLSA and NYLL are very similar in application, I usually do not distinguish between them in my instructions to you. I will only point out differences between the two laws when it is necessary to do so.

In reaching a verdict, you must bear in mind that each Plaintiff bears the burden of proving each element on each of his claims by a preponderance of the evidence, and with respect to each Defendant separately. In order to meet that burden, a plaintiff may rely on all of the evidence received at trial, regardless of which side presented it.

**In the first set of claims—which deals with FLSA and NYLL—**Plaintiffs bring four categories of claims, each of which I will now briefly summarize. Then, I will explain the law governing each claim in greater depth.

First, Plaintiffs claim that Defendants violated FLSA and NYLL by failing to pay them overtime at one-and-one-half times their regular hourly pay for hours worked in excess of forty in a single week.

Second, Plaintiffs claim that Defendants violated the NYLL by failing to pay certain of the Plaintiffs the minimum wage required by the law.

Third, Plaintiffs claim that Defendants did not provide them with accurate wage notices as required by NYLL.

Fourth, Plaintiffs claim that Defendants did not provide them with accurate wage statements as required by NYLL.

**In the second set of claims—which deals with the New York Human Rights Law**—Plaintiff Bagner Aldana brings two claims. He claims that Defendants violated the NYSHRL first by discriminating against him based on his disability, and second that they retaliated against him based on his disability.

In response to these claims, Defendants deny all of the allegations of Plaintiffs. They contend that Plaintiffs were all employed by Plaintiff David Aldana's separate company, David's Star Tree Service, LLC, which was then retained as an independent contractor to cut trees for Defendant Streamline Builders Corporation. Defendants both contend that they were not employers for any of these Plaintiffs, and thus are not liable for any of the claims.

What I have just described to you are merely the parties' claims and denials. They are not evidence.

## WAGE CLAIMS

### II. OVERTIME WAGES UNDER FLSA AND NYLL

All seven Plaintiffs have alleged that Defendants failed to pay overtime wages for their hours worked in excess of forty hours per week, at a wage rate of one-and-a-half times the regular wage to which Plaintiffs were entitled.

Under FLSA and NYLL, an employer is required to pay certain employees at least one-and-one-half (1.5) times either the employee's "regular rate of pay" or the statutory minimum wage, whichever is greater, for time worked over 40 hours in a workweek. A "workweek" is a fixed and regularly repeating period of 168 hours—seven consecutive 24-hour days.

Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

In order for a defendant to be liable for failing to pay overtime under **FLSA and NYLL**, each Plaintiff must prove, by a preponderance of the evidence, two elements for each Defendant:

*First*, the Plaintiff must prove that they were employed by the Defendant in question.

*Second*, the Plaintiff must prove that the Defendant in question failed to pay him time-and-a-half overtime wages for hours worked in excess of 40 hours in one or more work weeks.

The FLSA overtime claim has an extra element. Plaintiffs must prove they were employed by an enterprise engaged in commerce or in the production of goods for commerce. However, the parties have agreed that this element has been satisfied, and you must accept this as true.

First Element: Employed by Defendants

An "employee" is "any individual employed by an employer." For the first element, each Plaintiff must prove that he was employed by the defendant in question.

A person may have a single employer or may have multiple employers. And a person or a company may be an employer. For each Plaintiff, you must separately determine whether Streamline Builders Corporation and Erika Saltzman was his employer.

In determining whether a defendant was a plaintiff's employer, you should consider the totality of the circumstances, focusing on the economic-reality of the relationship between the plaintiff and the defendant. Certain factors are relevant to this inquiry: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. No one of the four factors standing alone controls, because as mentioned, it is a totality of the circumstances which determines whether a party is an employer.

In determining whether an individual is an "employer," the focus is on whether the individual possessed operational control over employees. If an individual's role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment, then that individual exercises operational control over employees.

In determining whether a plaintiff has proven that a defendant is an employer, you must consider whether the plaintiff worked as an employee, as opposed to an

independent contractor, for that defendant. If a plaintiff only worked for a defendant as an independent contractor, he has not proven this element by the preponderance of the evidence.

You should analyze this independent contractor issue separately for the FLSA and NYLL overtime claims.

For the FLSA overtime claim, in determining whether a worker is an employee or an independent contractor, the "ultimate concern" is whether the workers are in business for themselves, or depend on someone else for business. How the worker was classified or labeled by the Defendant does not determine whether they are an employee or an independent contractor. What matters is the economic reality of the situation. In making this determination you should consider several factors and come to a conclusion based on the totality of the circumstances. The factors you should consider are: (1) the degree of control exercised by the employer over the workers, (2) the worker's opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business. You should consider all these factors together to reach a determination.

For the NYLL overtime claim, you should consider a different set of factors to determine whether an employee is an independent contractor under NYLL.

The factors you should consider are: whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits,

(4) was on the employer's payroll and (5) was on a fixed schedule. There may be some overlap between these factors and the ones I outlined for the determination of whether someone is an independent contractor under FLSA. But the focus of the inquiry is different. Under the NYLL, the critical inquiry is how much control the purported employer had over the worker.

To summarize, each Plaintiff must provide that the defendant in question was his employer, and do so by the preponderance of the evidence. In determining whether a Plaintiff has met his burden with respect to a defendant, you must evaluate the evaluate the economic reality between the parties, including the factors relevant to determining whether the defendant was an employer, and the factors relevant to whether the plaintiff was an employee, as opposed to an independent contractor. And because the factors are slightly different for independent contractors under FLSA and NYLL, you should make this evaluation separately for each statute. As you see on the verdict sheet, you are being asked to determine whether each Plaintiff has proved that each Defendant is an employer, under each law separately.

Second Element: Failure to Pay Overtime

With respect to the second element, each Plaintiff must establish by a preponderance of the evidence that during part or all of the time period they were employed by a defendant, that the defendant did not pay them the overtime amount that is required by law.

Under both the New York Labor Law and the Fair Labor Standards Act, an employee is entitled to receive overtime pay for all hours worked over 40 hours during a particular workweek, which are called "overtime hours." Overtime pay is one-and-a-half times the regular rate of pay. Because there is complete overlap between a FLSA and NYLL overtime claim in this case, you are only being asked to make the overtime determination once for each Plaintiff.

To find that a plaintiff has established by a preponderance of the evidence that a defendant failed to pay proper overtime wages, you must find that the plaintiff worked more than 40 hours during a single workweek, and did not receive one-and-a-half times his regular rate of pay for each hour of overtime.

A plaintiff may have worked a different number of weekly hours at different times of year. In assessing overtime hours worked, it is important to remember that, under the law, all workweeks stand alone. This means that it is necessary for you to determine the hours worked by the Plaintiff on a weekly basis in determining whether or not he was paid overtime compensation for the hours worked in excess of 40 hours each workweek. The law does not permit the averaging of hours worked among workweeks. You cannot reduce the number of overtime hours you find a Plaintiff

worked, by hours not worked by the Plaintiff in other weeks. For example, if an employee worked 50 hours during one week and 30 hours the next, that employee must be found to have worked 10 overtime hours.

If you found that a Plaintiff worked more than 40 hours in a given work week, then that Plaintiff is entitled to overtime pay for the number of hours worked above 40.

In showing that he worked more than 40 hours in a workweek, a plaintiff may rely on a Defendant's payroll records to establish his dates of employment. If the Defendant failed to keep accurate records, the Plaintiff has satisfied his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The Plaintiff's burden is not high. It is possible for a plaintiff to meet his burden through estimates based on his own recollection. Once a plaintiff satisfies his burden, a defendant may rebut with evidence of the precise hours and dates of employment or with evidence to negate the reasonableness of the inference to be drawn from the plaintiff's evidence. If you find a defendant has not met its burden of proving that the plaintiff's approximation is unreasonable, then you may find that the plaintiff worked the hours and dates he claims.

Ultimately, it is up to you to draw a reasonable conclusion as to the hours Plaintiff was employed by a Defendant based on all the credible evidence before you.

The hours worked include those spent by an employee that were primarily for the benefit of the employer or the employer's business. The number of hours an employee works in a day is determined under what is called the "continuous workday"

rule. Under that rule, the workday begins when the employee begins to engage in his or her principal activity or activities and continues until the completion of those activities. It includes all time within that period whether or not the employee is engaged in those principal activities throughout that entire period.

As I mentioned, in order to prevail, a Plaintiff must show they were not paid one-and-a-half (1.5) times either their regular rate of pay or the statutory minimum wage, whichever is greater, for all overtime hours.

There are two options available for determining regular rate of pay, depending on whether the employee was paid weekly or daily.

If the employee was paid weekly, there is a rebuttable presumption that an employer's payment of a weekly salary represents compensation for the first 40 hours of an employee's workweek; the burden is on the employer to rebut the presumption with evidence that the employer and employee had an agreement that the employee's weekly compensation would cover a different number of hours, including any overtime hours.

For example, if a plaintiff worked 60 hours a week, and was paid $1,000 per week, the law presumes that the $1,000 was payment only for the first 40 hours of work, and not the 20 hours of overtime. However, an employer can show through documents or testimony that he agreed with his employee to pay $1,000 for all hours worked, including overtime. In this example, should an employer provide evidence of such an agreement, the employee would not be entitled to any overtime compensation.

However, if the plaintiff's weekly salary was intended only to compensate for the 40 hours, he would not have received any overtime pay. He would be entitled to 20 hours of overtime pay, and at a rate of 1.5 times his regular rate. His regular rate would be $1,000 divided by 40, or $25.

In the second case, if an employee was paid daily, you have to perform a different calculation to determine the regular rate of pay. You take the daily rate of pay and multiply by the number of days worked. And then you have to determine the number of hours worked that week. A plaintiff must work more than 40 hours to earn overtime compensation.

One example illustrates. If a plaintiff is paid $200 a day, and works 6 days a week for a total of 60 hours, he would earn $1,200 that week, and be entitled to 20 hours of overtime pay. His regular rate of pay would be determined by taking the amount paid for the week, $1,200, and dividing by the number of hours worked, 60, resulting in a regular rate of pay of $20. And so, he would be entitled to $30 an hour for overtime. Continuing with the calculation, his first 40 hours multiplied by $20 totals to $800, and his overtime hours entitles him to 20 hours multiplied by $30, or $600. This totals to $1,400 for the week, but he was only paid $1,200, and is thereby owed $200 in unpaid overtime.

If you conclude that the plaintiff worked more than 40 hours in a given workweek, and was not compensated at a rate of 1.5 times their regular rate of pay for that overtime, you should provide information about two elements that led to your determination:

*First,* the time period in which the employee worked overtime.

*Second,* the employee's "regular rate of pay."

## III. Minimum Wage under NYLL

Several Plaintiffs have brought claims alleging they were not paid legally required minimum wages by Defendants, including during the last weeks of their employment.

To succeed on this claim, each plaintiff must prove both the following two elements by a preponderance of the evidence against each defendant:

*First,* that he was employed by the defendant in question.

*Second,* the defendant failed to pay the minimum wage as required by law.

First element: Employed by Defendants

In evaluating the overtime claim, you have already determined whether Plaintiffs have proven that they were employed by each Defendant. You should use that determination here for the minimum wage claims.

Second element: Defendants Failed to Pay Minimum Wage

With respect to the second element, a plaintiff must prove by a preponderance of the evidence his employer failed to pay the minimum wage due.

In practice, this means plaintiffs must prove that the pay they received for any payment one or more weeks was not equal to or greater than the minimum amount they should have received for the hours they worked in that week.

Under the New York Labor Law, the applicable minimum wages were as follows:

| Minimum Wage | Time Period |
|---|---|
| $13 per hour | December 31, 2019 to December 30, 2020 |
| $14 per hour | December 31, 2020 to December 30, 2021 |
| $15 per hour | December 31, 2021 to present |

A plaintiff establishes that he was not paid the required minimum wage if he did not receive the wages described above for each of the 40 hours he worked during any one workweek. If you conclude that a plaintiff has proven he was not paid a minimum wage, you should indicate the total hours he was not paid. To do this, you should apply the same rules I already provided to you on determining hours, including how to evaluate any records and any recollection by the plaintiff. And you should apply the same rules I instructed you on regarding how to use weekly pay. To determine if a plaintiff paid on a weekly basis was paid a minimum wage, you would take the weekly pay and divide by 40, unless the parties have agreed that the weekly wage would cover

more than 40 hours, in which case you would divide by the total number of hours the parties agreed upon. If this calculation leads to an hourly rate less than what is in the table above, then a plaintiff has not been paid minimum wage as the law requires.

## IV. GOOD FAITH DEFENSE

If you found that a defendant failed to pay any plaintiff the required minimum wage or required overtime pay, then you will then need to determine whether despite failing to do so, the defendant acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is a defendant's burden to establish good faith and do so by the preponderance of the evidence. It is not enough for a defendant to claim that it did not know that their acts or omissions violated the law. To establish good faith, a defendant must prove that they took active steps to ascertain the dictates of the law, and that they then took action to comply with the law, as they understood it. If a defendant fails to demonstrate that they took such actions, you must find that they failed to establish the defendant acted in good faith.

## V. Wage Statement Requirements under NYLL

Each Plaintiff claims that his employer failed to give them wage statements that they were required to provide under New York law.

New York law requires employers to provide employees a written wage statement with every payment of wages that contains certain information. The wage statement has to include the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis of those rates, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. Wage statements for employees must state the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

Your determination of which defendant is an employer—which you made earlier—controls here. That is, only a defendant who is an employer is required to provide a wage statement. And an employer—not a plaintiff—bears the burden of proof; that is, an employer must prove by the preponderance of the evidence that it provided the required wage statement.

It is a complete defense to a wage statement claim that a defendant made "complete and timely" payment of all wages due to the employee, or that the defendant reasonably believed in good faith that they were not required to provide the employee with such statements. This means that if you find either that a defendant made complete and timely payment of all wages due to the employee who was not provided

statements, or that the defendant reasonably believed in good faith that it was not required to provide the employee with such statements—you must find that the defendant is not liable for the wage statement violation under New York Labor Law.

A defendant made "complete and timely" payment of wages if it paid the plaintiff the full amount of the wages that he is due—which includes payment for all compensable hours worked and overtime—and if they paid those wages on time.

A defendant acts in good faith if it sincerely believed that it was not required to provide the wage statement. Put another way, this means that if you find that a defendant actually believed in good faith that it was acting properly, even if it was mistaken in that belief, you must find that the defendant was not liable for the wage statement violations under the NYLL.

If you find that an employer has failed to prove by the preponderance of the evidence that it provided the required wage statement, and has not proven a good faith defense, you must find for the Plaintiff on this claim. If you do find for the Plaintiff, you must also determine how many weeks that Plaintiff did not receive proper wage statements.

## VI. Notice and Recordkeeping Requirements under NYLL

Plaintiffs claim that Defendants violated a provision of the New York Labor Law that requires employers to provide to employees a written notice of their wages.

The New York Labor Law requires employers to provide employees within ten business days of the start of employment a written notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. The notice must be provided in English and in the language identified by the employee as his primary language. Your determination of which defendant is an employer—which you made earlier—controls here. That is, only a defendant who is an employer is required to provide a wage notice.

Just as with plaintiffs' wage statement claims, it is an employer that bears the burden of proof of demonstrating that it provided the required wage notice to a Plaintiff. It is a complete defense to a wage notice claim that a defendant either (1) made complete and timely payment of all wages due to the employee or (2) reasonably believed in good faith that it was not required to provide the employee with a wage notice. You should apply the same standards for good faith and timely payment that I just instructed you on.

If you find that an employer has failed to prove by a preponderance of the evidence that it provided a wage notice to a Plaintiff and did not have a good faith basis for doing so, you must find for the Plaintiff.

## DISCRIMINATION CLAIMS

### VII. EMPLOYER STATUS UNDER NYSHRL

Now, we will turn to the second set of claims. Plaintiff Bagner Aldana claims his employer discriminated and retaliated against him based on his disability in violation of New York State Human Rights Law.

You previously determined Bagner Aldana's employers. In evaluating this claim, you should use that same finding—namely, which of the defendants were his employer—for this claim.

## VIII. DISCRIMINATION UNDER NYSHRL

The NYSHRL prohibits employment discrimination based on disability unless that disability prevents the employee from performing the activities involved in the job or occupation in a reasonable manner. In this case, Bagner Aldana suffered a fall while at work. He claims that this was a disability and he was terminated from his employment because of this disability.

In deciding whether Aldana's disability prevented him from reasonably performing the duties of his job, you must consider four elements, which Aldana must prove by a preponderance of the evidence:

*First*, you must determine whether Aldana had a disability.

*Second*, you must determine whether he was qualified to hold his position.

*Third*, you must determine whether he suffered an adverse employment action.

*Fourth*, you must determine whether the adverse action occurred under circumstances giving rise to an inference of discrimination.

First element: Protected Class

With respect to this element, you must determine whether Aldana had a disability as defined by NYSHRL.

Under the NYSHRL, a disability is (1) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques, (2) a record of such an impairment, or (3) a condition regarded by others as such an impairment.

A disability does not have to substantially limit a major life activity. Any "medically diagnosable impairment" is sufficient.

Second Element: Qualified to Hold the Position

With respect to this element, you must determine whether Aldana was qualified to hold the position.

The NYSHRL is limited to protecting individuals with disabilities which, upon the provision of reasonable accommodations, do not prevent the individual from performing in a reasonable manner the activities involved in the job.

A "reasonable accommodation" means actions taken which permit an employee to perform in a reasonable manner the activities involved in the job and include, but are not limited to, provision of an accessible worksite, acquisition or modification of equipment, job restructuring and modified work schedules; provided, however, that such actions do not impose an undue hardship on the business, program or enterprise of the entity from which action is requested.

A Plaintiff bears the burden of proving that, with the provision of reasonable accommodations, they could have performed the job in a reasonable manner. In making this determination, you should not consider how this condition generally might affect others; you should only think about this particular Plaintiff.

If you find that Aldana had a physical impairment that prevented him from performing the core duties of his job in a reasonable manner, even with a reasonable accommodation, then he was not qualified for the job.

On the other hand, if a reasonable accommodation would have permitted Aldana to perform the essential functions of his job in a reasonable manner, he was qualified for the job.

Third Element: Adverse Employment Action

With respect to the third element, you must determine whether Aldana has proven by a preponderance of the evidence that he was subject to an unfavorable change, or treated less well than other employees on the basis of his disability.

Examples of unfavorable changes include a change in geographical assignment, a change to less favorable days off, not receiving relief in order to take breaks, a change to a less favorable work schedule, and termination of employment. If you determine that Aldana has proved that his termination constitutes an unfavorable change, then he has met this element.

Fourth Element: Causation

With respect to the fourth element, you must determine whether Aldana has proven by a preponderance of the evidence that the adverse action—here, his termination—occurred under circumstances giving rise to an inference of discrimination. This means that you must determine whether Aldana has proved there was a discriminatory motive for his termination.

To show causation, Aldana only needs to prove that *one* of the reasons his employer terminated him was because of a motive to discriminate. This means that Plaintiff must only establish that his disability played a *part* in Defendant's decision to terminate him.

You may consider all relevant facts and circumstances to determine if there is an inference of discrimination, such as whether Defendants treated more favorably workers without disabilities or whether Defendants terminated Aldana shortly after they learned of his disability.

* * * *

If you find that Aldana has not met all four elements to make out a claim for discrimination, you will find for Defendant(s). If you find that he did, then you will find for Aldana, and I will instruct you on how to determine the amount of damages.

## IX. RETALIATION UNDER NYSHRL

The New York State Human Rights Law makes it unlawful for an employer to retaliate against an employee because of an individual's disability.

To prove retaliation based on discrimination, a plaintiff must demonstrate that he took an action opposing their employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.

This requires a plaintiff to make out four distinct elements by a preponderance of the evidence:

*First,* the plaintiff must demonstrate he engaged in a protected activity.

*Second,* the employer knew of plaintiff's protected activity.

*Third,* the plaintiff must show the employer then took an action to deter the plaintiff.

*Fourth,* the plaintiff must show that their protected activity *caused* the employer to try to deter the plaintiff.

First Element: Employee's Protected Activity

To meet this element—that a plaintiff engaged in a protected activity—the plaintiff must simply show by a preponderance of the evidence that he made clear his disapproval of the employer's discrimination by communicating to the employer that the plaintiff thought this treatment was wrong. I will refer to this as the "protected activity."

<u>Second Element: Employer Knew of the Action</u>

With respect this element, all that Aldana needs to prove is that his employer knew of his action in which he opposed the discriminatory conduct.

<u>Third Element: Employer's Action Deterring the Employee</u>

With respect to this third element, the plaintiff must show that his employer engaged in conduct that was reasonably likely to deter a person from engaging in an action that opposed the employer's discriminatory conduct.

Bagner Aldana claims that he was improperly terminated. You must determine whether Aldana has proved by a preponderance of the evidence that his employer's termination was reasonably likely to deter a person from engaging in opposing the employer's discriminatory conduct. That is, you should consider whether you think an employee would be deterred from making a complaint knowing that they would be terminated for doing so. In making these considerations, you should consider the circumstances and realities of this specific workplace.

Fourth Element: Causation

To show causation, Aldana only needs to prove that *one* of the reasons his employer terminated Aldana was out of retaliation. This means that Aldana must only establish that his protected activity played a part in his employer's decision to retaliate against him.

Causation can be directly or indirectly established. To directly establish causation, a plaintiff would provide direct evidence of retaliatory animus. To indirectly establish causation, a plaintiff can show "temporal proximity" — that is, that the plaintiff's action was closely followed in time by the employer's action. In determining this question of a defendant's motivation, you should consider all the evidence in the case, including the timing of the allegedly retaliatory act, the testimony of the witnesses, and the documents in evidence.

* * * *

If you find that Bagner Aldana has met his burden to prove all four of the elements by a preponderance of the evidence, you must enter a verdict for Aldana and against the Defendant(s) on that claim, and I will instruct you on how to determine damages.

## X. DAMAGES

If Plaintiff Aldana has proven by a preponderance of the evidence that either of the Defendants is liable for discrimination or retaliation, you must determine the damages to which he is entitled. However, you should not infer that he is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that he is entitled to recovery.

### A. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from violation of Plaintiff's rights. These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole — that is, to compensate him or her for the damage suffered. Compensatory damages are not limited merely to expenses that Plaintiff may have borne.

Plaintiff's claim for compensatory damages includes two distinct types of damages, and you must consider them separately.

*First*, you may award Plaintiff economic damages that reasonably compensates Plaintiff for any lost wages and benefits under NYSHRL—that is, for discrimination and retaliation—by taking into consideration any increases in pay that Plaintiff would have recovered had Plaintiff not been discriminated against. This type of damages is known as "back pay."

You must determine the amount of wages and fringe benefits Plaintiff would have earned in his employment but for the discriminatory acts. The amount of wages and benefits due is determined by calculating the amount that Plaintiff proves he would have earned from the date of his termination to the date you find he would have otherwise ended his employment with his employer. You must reduce any award for lost wages and benefits by the amount of the expenses that Plaintiff would have incurred in making those earnings, and any actual earnings Plaintiff received from other work or employment after being discharged.

*Second*, you may award damages for any pain, suffering, or mental anguish that Plaintiff experienced as a consequence of the unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial. A plaintiff's subjective testimony, standing alone, is sufficient to sustain an award of compensatory damages for pain, suffering, or mental anguish. That testimony may be bolstered by other evidence such as medical testimony and evidence, evidence of treatment by a healthcare professional and/or medication, and testimony from other, corroborating witnesses. A plaintiff is not required to have sought psychiatric or psychological treatment in order to recover damages for pain, suffering, or mental anguish.

If you find that Plaintiff has proven by a preponderance of the evidence that his rights were violated, then Plaintiff is entitled to compensatory damages for his injuries.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by the allegedly wrongful conduct.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**B. Mitigation of Damages**

Even if you award damages to Plaintiff, you should consider whether Plaintiff failed to mitigate damages. A terminated employee has the duty to take steps to make reasonable efforts to minimize or reduce their damages for loss of compensation by seeking employment following their termination. This is referred to as "mitigation of damages."

Therefore, if you find that a Plaintiff was an employee and that they suffered discrimination or retaliation and through reasonable efforts Plaintiff could have found comparable employment but did not do so, any amount that he could have earned in comparable employment must be deducted from the amount of damages awarded to him.

This burden is on Defendants to prove by a preponderance of the evidence that Plaintiff failed to mitigate his damages. If you determine Plaintiff is entitled to damages, you must reduce these damages by the amount that Plaintiff actually earned following the end of his employment with Defendants or the amount that Plaintiff could have earned through a reasonable effort during the period from the end of his employment until the date you find he would have otherwise ended his employment with Defendants. Thus, if you determine Plaintiff is entitled to damages you must reduce the damages amount by the sum of (1) what Plaintiff actually earned and (2) what Plaintiff could have earned if he made reasonable efforts during the period from his termination until his employment would otherwise have ended.

Plaintiff has a duty to mitigate damages by using reasonable care and diligence in seeking suitable alternative employment. A plaintiff need not go into another line of work, accept a demotion or take a demeaning position, but must use reasonable care and diligence in seeking a job substantially equivalent to the one that was lost. In other words, Plaintiff must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider the following factors: (1) the type of work; (2) the hours worked; (3) the compensation; (4) the job security; (5) the working conditions; and (6) other conditions of employment. You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Plaintiff's failure to do so. If you make this finding, you must not compensate Plaintiff for any portion of Plaintiff's loss of

compensation resulting from Plaintiff's failure to make reasonable efforts to reduce Plaintiff's loss of compensation.

**C. Punitive Damages**

Punitive damages are recoverable under NYSHRL for discrimination by private employers. A "private employer" includes any person, company, corporation, labor organization or association. If you find that a Defendant is not a private employer, you cannot award Plaintiff any punitive damages.

If you do find a Defendant is a private employer, you may award Plaintiff punitive damages if you find that Plaintiff has proven by a preponderance of the evidence that the Defendant acted with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of Plaintiff, or if Defendant's conduct was so reckless as to amount to such disregard. Plaintiff has the burden of proving, by a preponderance of the evidence, that a Defendant acted with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of Plaintiff, or that Defendant's conduct was so reckless as to amount to such disregard.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter defendant and others like defendant from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider

whether a Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent the defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his or her wrongful conduct, and the degree to which an award of one sum or another will deter Defendant, Defendants or persons like them from committing wrongful acts in the future.